**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION**

| | |
|---|---|
| QUANG-TUAN LUONG,<br><br>    Plaintiff,<br><br>v.<br><br>RUSS RAVARY d/b/a REAL ESTATE ONE COMMERCE,<br><br>    Defendant. | Case No. __2:25-cv-10884__<br><br>**COMPLAINT FOR**<br>  1.  **COPYRIGHT INFRINGEMENT; AND**<br>  2.  **REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, QUANG-TUAN LUONG, by and through his undersigned counsel, brings this Complaint against Defendant RUSS RAVARY d/b/a REAL ESTATE ONE COMMERCE and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*. and 17 U.S.C. § 1202(b).

## PARTIES

2.      Plaintiff Quang-Tuan Luong ("Luong") is an individual and a professional photographer.

3.      Upon information and belief, Defendant Russ Ravary d/b/a Real Estate One Commerce ("Ravary") is licensed real estate broker doing business in the state

of Michigan with a principal office address located at 8430 Richardson Road, Commerce Township, MI 48382.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendant named in this caption.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

6. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the state of Michigan and/or Defendant transacts business in the state of Michigan.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendant resides in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Quang-Tuan Luong*

8.     Plaintiff Luong is a photographer, author, and environmentalist, and was the first to photograph all 63 U.S. National Parks - in large format. He has received the Ansel Adams Award for Photography from the Sierra Club, the Robin W. Winks Award for Enhancing Public Understanding of National Parks from the National Parks Conservation Association, and was featured in the film *The National Parks: America's Best Idea*. His work has been profiled and critically acclaimed in *The New York Times*, *Chicago Tribune*, *San Francisco Chronicle*, *National Geographic Explorer* among many other newspapers, magazines, and other media. His photographs are the subject of five books, including the best-selling *Treasured Lands*, winner of twelve national and international awards, and have appeared in hundreds of publications worldwide. Luong's limited-edition prints, widely collected, have been exhibited solo in museums and galleries nationwide and abroad.

9.     Plaintiff Luong licenses his work for a fee.

10.    Plaintiff Luong's livelihood depends on receiving compensation for the photographs he produces, and the value of the work he produces is devalued when others copy and profit from his work without his permission.

11.    Plaintiff Luong's photographs contain the copyright symbol and information identifying him as the author and copyright holder of those photographs

and the year the copyright in the respective photograph was created ("Luong Copyright Notice").

12. Plaintiff Luong's photographs are devalued when the Luong Copyright Notice is intentionally removed without his permission and then publicly displayed and distributed without the Luong Copyright Notice.

13. The copyright protection afforded to Plaintiff Luong's works is intended to deter would-be infringers from the unauthorized copying and profiting from Plaintiff Luong's works and also to deter would-be infringers from the unauthorized removal of any information on Plaintiff Luong's works that identify him as the copyright holder.

14. Plaintiff Luong is the sole author and exclusive right's holder to the photograph of a pumpkin patch ("Luong Photograph").

15. Attached as Exhibit A is a true and correct copy of the Luong Photograph.

16. Luong registered the Luong Photograph which contained the Luong Copyright Notice in the bottom left corner of the gutter of the Luong Photograph with the United States Copyright Office under Registration Number VA 1-307-656 with an Effective Date of Registration of August 26, 2004.

17. Attached hereto as Exhibit B is a true and correct copy Registration No. 1-307-656.

18. The Luong Photograph, containing the Luong Copyright Notice, appears on Plaintiff Luong's business website www.terragalleria.com ("Terra Galleria Website"). *See* https://www.terragalleria.com/california/picture.usca9511.html.

19. Attached as Exhibit C is a true and correct copy of the Luong Photograph with the Luong Copyright Notice as shown on the Terra Galleria Website.

### *Defendant Russ Ravary d/b/a Real Estate One Commerce*

20. Upon information and belief, Defendant Ravary is a real estate broker in Commerce Township Michigan. *See* https://www.realtor.com/realestateagents/56baebc5bb954c01006b6560 and https://russravary.realestateone.com/vp/AgentServlet?SITE=REO&tp_Usage=AgentPersonalWeb&context=AGENT_PAGE&cd_Agent=524782&cd_Web=russravary&REQUEST_HOST=russravary.realestateone.com.

21. Upon information and belief, Defendant Ravary controls and manages the website https://lakefronthomesoaklandcountymi.com/ ("Ravary Website")

22. Upon information and belief, Defendant Ravary generates content on the Ravary Website for commercial purposes to market and promote his services, attract user traffic and potential clients to his business, and increase the customer base and revenue for his business.

23. At all relevant times, Defendant Ravary had the ability to supervise and control all content on the Ravary Website.

24. At all relevant times, Defendant Ravary had a direct financial interest in the content and activities of the Ravary Website (including the activities alleged in this Complaint).

25. At all relevant times, the Ravary Website was readily accessible to the general public throughout Michigan, the United States, and the world.

***Defendant Ravary's Willful, Unauthorized Use of the Luong Photograph***

26. On or about March 30, 2022, Plaintiff Luong discovered his Luong Photograph being used by Defendant Ravary on the Ravary Website in a promotional advertisement titled "Pumpkin Give Away!!!"

27. Attached hereto as Exhibit D is a true and correct screenshot of the Luong Photograph as used on the Ravary Website.

28. Luong also discovered the Luong Photograph, as it was being used on the Ravary Website, was cropped and did not include the Luong Copyright Notice. *See* Exhibits C and D.

29. Plaintiff Luong did not grant Defendant Ravary a license, permission, or authorization to use, make a copy of, or publicly display the Luong Photograph on the Ravary Website with or without the Luong Copyright Notice.

30. Plaintiff Luong is informed and believes Defendant Ravary (including his employees, agents, contractors or others over whom he has responsibility and control) created an unauthorized copy of the Luong Photograph and caused the Luong Photograph to be uploaded to and displayed on the Ravary Website.

31. Plaintiff Luong is informed and believes that the purpose of the use of the Luong Photograph on the Ravary Website was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of Defendant Ravary's marketing message congruent with Defendant Ravary's marketing goals.

32. Plaintiff Luong is informed and believes Defendant Ravary (including his employees, agents, contractors or others over whom he has responsibility and control) created an unauthorized copy of the Luong Photograph and cropped the Luong Copyright Notice from the Luong Photograph before causing the Luong Photograph to be uploaded to and displayed on the Ravary Website.

33. Plaintiff Luong is informed and believes that Defendant Ravary cropped the Luong Copyright Notice from the Luong Photograph before causing the Luong Photograph to be uploaded to and displayed on the Ravary Website in order to enable and conceal its infringement and to mislead the public to believe that Defendant Ravary was the rightful copyright owner of the Luong Photograph.

34. After discovering the Luong Photograph was posted on the Ravary Website, Plaintiff Luong (through counsel) sent cease and desist correspondence to Defendant Ravary, on or about April 5, 2022, which included a demand to cease using the Luong Photograph and a settlement offer to resolve this matter. Plaintiff Luong's counsel followed up via email and telephone from April 2022 through early November 2022 to try to resolve the matter.

35. As of the date this complaint was drafted, the Luong Photograph has been removed from the Ravary Website, however, Defendant Ravary never contacted Plaintiff Luong's attorneys to address the settlement offer.

36. As of March 28, 2023, Defendant Ravary continues to store a copy of the Luong Photograph on the Ravary Website's server.

37. Attached as Exhibit E is a true and correct screenshot of the Luong Photograph as stored on the Ravary Website's server.

38. Defendant Ravary (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, and otherwise held out to the public Plaintiff Luong's original and unique Luong Photograph for commercial purposes and to acquire a direct financial benefit from use of the Luong Photograph, including the amount saved by using the Luong Photograph without paying a licensing fee.

39. Defendant Ravary willfully infringed upon Plaintiff Luong's rights in his copyrighted Luong Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendant Ravary knew or should have known, he did not have a legitimate license to use the Luong Photograph.

40. Defendant Ravary's conduct is also willful because he removed the Luong Photograph from the Ravary Website, after being sent cease and desist correspondence but failed to further address lost licensing fees with Plaintiff Luong as a result of the unauthorized use of the Luong Photograph.

41. Defendant Ravary's conduct is also willful because he continues to store a copy of the Luong Photograph on the Ravary Website's server after being sent cease and desist correspondence related to the Luong Photograph.

42. Finally, Defendant Ravary's conduct is willful because he removed the Luong Copyright Notice from the Luong Photograph before uploading it to the Ravary Website rather than requesting permission from Plaintiff Luong to use the Luong Photograph.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101, *et seq.***

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff registered the Luong Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a) and owns a valid copyright in the Luong Photograph.

45. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of and publicly displayed Plaintiff's unique and original Luong Photograph without Plaintiff's consent or authorization in violation of 17 U.S.C. § 501.

46. Plaintiff is informed and believes and thereon alleges that Defendant willfully infringed upon Plaintiff's rights in his copyrighted Luong Photograph in violation of Title 17 of the U.S. Code.

47. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), or at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504(c).

49. As a result of Defendant's violation of Title 17 of the U.S. Code, the Court, in its discretion, may allow the recovery of full costs from Defendant as well as reasonable attorney's fees as part of the costs pursuant to 17 U.S.C § 505.

50. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## REMOVAL OF COPYRIGHT MANGEMENT INFORMATION
## 17 U.S.C. § 1202

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Plaintiff's Luong Photograph was registered with copyright management information related to the Luong Photograph. Specifically, the Luong Photograph contained the Luong Copyright Notice in the bottom left corner of the gutter of the Luong Photograph.

53. Upon information and belief, Defendant (including his employees, agents, contractors, or others over whom he has responsibility and control) knowingly and intentionally removed the Luong Copyright Notice from the Luong Photograph with the intent to enable, facilitate, or conceal its infringement of the Luong Photograph in violation of 17 U.S.C § 1202(b).

54. Specifically, Defendant made an unauthorized copy of the Luong Photograph that contained the Luong Copyright Notice and intentionally cropped the Luong Photograph so the Luong Copyright Notice was removed from the Luong Photograph before incorporating the Luong Photograph on the Ravary Website. Defendant, knowing he had removed the Luong Copyright Notice from the Luong

Photograph, uploaded the Loung Photograph to the Ravary Website without the Luong Copyright Notice in order to mislead the public into believing that Defendant owned the Luong Photograph.

55. Defendant's conduct was knowing and intentional because he purposefully removed the Luong Copyright Notice identifying Luong as the author and copyright holder of the Luong Photograph, before incorporating the image on the Ravary Website, knowing he was not the copyright owner of the Luong Photograph; knowing he had not licensed the Luong Photograph for use on the Ravary Website; and knowing he did not have Luong's permission or authority to use the Luong Photograph on the Ravary Website without the Luong Copyright Notice.

56. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(b).

57. As a result of Defendant's violations of 17 U.S.C. § 1202(b), Plaintiff has sustained significant injury and irreparable harm.

58. As a result of Defendant's violations of 17 U.S.C. § 1202(b), Plaintiff is entitled to any actual damages and profits attributable to the violation pursuant to 17 U.S.C. § 1203(c)(2), or at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504(c)(3).

## DEMAND FOR A JURY TRIAL

59. Plaintiff Quang-Tuan Luong hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in Luong Photograph by copying, displaying, and distributing the Luong Photograph without a license or consent;

- For a finding that Defendant's conduct was willful;

- For an award of actual damages and disgorgement of all profits attributable to the copyright infringement, as provided by 17 U.S.C. §504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, as provided by 17 U.S.C. § 504(c);

- For a finding that Defendant knowingly and intentionally removed Plaintiff's copyright management information from the Luong Photograph, pursuant to 17 U.S.C. § 1202(b);

- For an award of statutory damages for each violation of § 1202(b), in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation pursuant to 17 U.S.C. § 505 and § 1203(b)(4);

- For costs of reasonable attorney's fees pursuant to 17 U.S.C. § 505 and § 1203(b)(5);

- For an injunction forcing Defendant to immediately delete the Luong Photograph from the Ravary Website server and any Ravary Website backups pursuant to 17 U.S.C. § 502;

- For an injunction preventing Defendant from further infringement of all of Plaintiff's copyrighted works pursuant to 17 U.S.C. § 502;

- For pre-judgment and post-judgment interest as allowed by law; and

- For any other relief the Court deems just and proper.

Dated: March 29, 2025               Respectfully submitted,

                                    **/s/ Jayma C. Leath**
                                    Jayma C. Leath, Esq.
                                    GA State Bar No. 639678
                                    **HIGBEE & ASSOCIATES**
                                    3110 W. Cheyenne, Suite 200
                                    North Las Vegas, NV 89032
                                    (714) 617-8350
                                    (714) 597-6729 facsimile
                                    jleath@higbee.law
                                    *Counsel for Plaintiff*